**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 01-30154-GPM |
| DARRELL JONES, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On March 11, 2002, Defendant Darrell Jones was sentenced to a 360-month term of imprisonment, an 8–year term of supervised release, a $4,000 fine, and a $400 special assessment.[1] On August 20, 2004, the Seventh Circuit Court of Appeals affirmed this Court's refusal to allow Defendant to withdraw his guilty plea and dismissed Defendant's challenge to his sentence based on the waiver contained in the plea agreement. On October 17, 2006, the Court of Appeals denied Defendant's request for a certificate of appealability after this Court denied his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in civil case number 05-405-GPM. Defendant continues to file motions in his criminal case, presumably because he has been barred from filing any further motions challenging the dismissal of his civil action.

Defendant asserts Federal Rule of Civil Procedure 60(b) as the jurisdictional basis for filing three motions attacking the conduct of the deputy United States Marshal who arrested him and again

---

[1] On March 2, 2009, Defendant's sentence was reduced to a term of 292 months pursuant to the 2007 retroactive sentencing guideline amendments for crack cocaine offenses (*see* Doc. 79).

challenging the voluntariness of his guilty plea. As stated above, the Court of Appeals addressed on direct appeal the voluntariness of Defendant's guilty plea; this Court will not do so here. Defendant also attacks the validity of the indictment, an argument which this Court already has rejected (*see* Doc. 67). There is no basis to Defendant's assertion that federal agents are without authority to enforce state laws. The Court will not dwell on the intricacies of the various task forces that are formed among federal and state law enforcement authorities. Finally, most courts that have addressed the issue have held that Rule 60(b) is not available to a defendant seeking to alter the terms of his imprisonment in a criminal case. *See generally United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (finding that the clear intent of 18 U.S.C. § 3582 is to constrain postjudgment sentence modifications); *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) ("In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence …."); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that Rule 60(b) does not apply to proceedings under 18 U.S.C. § 3582(c)(2)). Finding no jurisdictional basis for these motions (Docs. 80, 84, 93), they are **DISMISSED for lack of jurisdiction**. Alternatively, the Court finds no basis for granting Defendant relief under Rule 60(b).

Next, Defendant attacks under Federal Rule of Criminal Procedure 11 the Court's calculation of his relevant conduct. Rule 11 governs guilty pleas. This Court will not consider arguments related to Defendant's guilty plea, as it already was found to be voluntary. There is no other basis for asserting this argument, and the motion (Doc. 85) is **DENIED**.

In July 2010, the Government applied for postjudgment execution levied on certain nonexempt property of Darrell Jones held by the Illinois State Treasurer's Cashdash Unclaimed Monetary Property in accordance with the Federal Debt Collection Procedures Act of 1990.

Thereafter, the Clerk of Court issued notice and a writ of execution. In response thereto, Defendant claimed an exemption for undelivered mail and requested a hearing thereon. The Government's response to the request for hearing (Doc. 91) makes it clear that there is no basis for Defendant's claimed exemption because Defendant did in fact receive all of the required documents. The Government was entitled to apply the money received from the Illinois State Treasurer in the amount of $37.65 to Defendant's judgment debt. Defendant's request for hearing (Doc. 90) is **DENIED**.

Finally, Defendant filed motions for appointment of counsel and for leave to proceed *in forma pauperis* relating to the most recent sentencing guideline amendment regarding crack cocaine offenses implementing the Fair Sentencing Act of 2011. Because it appears from the record that Defendant is in need of counsel and is financially unable to obtain counsel, these motions (Docs. 89, 94) are **GRANTED**. Attorney Phillip J. Kavanaugh III and the Office of the Federal Public Defender for the Southern District of Illinois are **APPOINTED** to represent Defendant in reference to a potential motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to electronically file Administrative Order No. 137 in this case and to distribute copies in accordance therewith.

**IT IS SO ORDERED.**

DATED: 11/08/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge